Yoon-Mi Ko (Bar No. 253594)
LEE, LAU & KO, ATTORNEYS AT LAW
5670 Wilshire Boulevard, Suite 720
Los Angeles, California 90036
Telephone: 213.605.0200
Facsimile: 213.947.1411
yko@llkattorneys.com

Attorneys for Debtor Felix D. Gonzalez

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>FELIX D. GONZALEZ,<br><br>　　Debtor<br>_____<br>FELIX D. GONZALEZ,<br><br>　　Movant,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP, Its Heirs, Successors, and Assigns,<br><br>　　Respondents. | Case No.: 2:10-bk-26013-VK<br><br>Chapter 13<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VALUATION OF DEBTOR'S RESIDENCE AND AVOIDANCE OF JUNIOR TRUST DEED**<br><br>Date:　June 2, 2010<br>Time:　2:30pm<br>Court: Courtroom 1675<br>　　　　255 E. Temple Street<br>　　　　Los Angeles, CA 90012 |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**JURISDICTION**

　　Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC §1334 in that this proceeding arises from and is related to the above captioned case under Title 11.  This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC § 1334 and 28 USC §157(b)(2), respectively.  This is a core proceeding.  This Court also has jurisdiction pursuant to 28 USC §1331 in light of the federal subject matter of 11 USC §506 and/or 11 USC

1  §1332. Venue lies in this District pursuant to 28 USC §1391(b).

## II.

## SUMMARY OF FACTS

1. Property Address ("Residence"):   1403 Cedaredge Ave., Los Angeles, CA 90041
2. Borrowers ("Movant"):   FELIX D. GONZALEZ
3. Servicer ("Respondent"):   BAC Home Loans Servicing, LP ("BAC")
4. Original Loan Amount:   $139,800
5. Present Loan Amount:   $135,402.47 (Exhibit A to Declaration of Felix D. Gonzalez in Support of Motion for Valuation of Debtor's Residence and Avoidance of Junior Trust Deed ("Gonzalez. Decl."))
6. Loan Origination Date:   8/31/04
7. Trust Deed Recording Date:   9/9/04
8. Chapter 13 Filing Date:   April 25, 2010
9. Appraiser:   David Moc, Peachtree Appraisal (Exhibit C to Gonzalez Decl.)
10. Appraisal Date and Value:   April 7, 2010; $621,000 (Exhibit C to Gonzalez Decl.)
11. First Deed of Trust Claim:   $640.138.78 (Exhibit B to Gonzalez Decl.)
12. First Deed Undersecured Amount:   $19,138.78 (Exhibits B and C to Gonzalez Decl.)

## III.

## ARGUMENT

**A. Respondent's Claim is Wholly Unsecured.**

The Movant makes this motion under the Federal Rules of Bankruptcy Procedure ("FRBP") 3012, which provides, "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

Respondent[1] is the alleged owner of a junior trust deed on the residence. As referenced in Section II above, the claim of the first trust deed exceeds the value of the personal residence and itself is partially under-secured.

Respondent has no valuable interest whatsoever in the residence securing its alleged claim in light of the first deed of trust. Respondent's claim and Junior Deed of Trust is wholly undersecured since 11 USC §506(a)(1) provides in pertinent part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to the setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

The Ninth Circuit case of In re Zimmer, 313 F.3d 1220 (9th Cir. 2002), held that a wholly undersecured claim is not a holder of a secured claim. "PSB Lending is not the holder of a secured claim under the definitions provided in the Bankruptcy Code, and therefore its rights may be modified under §1322(b)(2) . . . Nonetheless, because PSB Lending is still not a "holder of a secured claim," it cannot qualify for antimodification protection." Id. At 1222 and 1226.

Since Respondent's lien is no way presently attaches to any portion of the Residence, it is not the holder of a secured claim pursuant to Bankruptcy Code definitions. Thus, for all intents and purposes, Respondent's claim is unsecured.

**B.  Respondent's Claim May be Avoided Under 11 USC §1322(b)(2).**

11 USC §1322(b)(2) allows the modification of rights of holders of claims which are not "secured only by a security interest in real property that is the debtor's principal residence." Accordingly, Respondent's claim is unsecured and may be modified by the Chapter 13 plan since 11 USC §1322(b)(2) provides in pertinent part that "Subject to subsections (a) and (c) of this section, the plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of

---

[1] Respondent, its principals, agents and assigns are "creditors" as defined by 11 USC §101(10) and allegedly owns, hold, and/or services a "claim" as defined by 11 USC 101(5).

holders of unsecured claims, or leave unaffected the rights of holders of any class of claims."

Thus since Respondent's Junior Trust Deed is not a "claim secured only by a security interest in real property that is the debtor's principal residence," <u>Zimmer</u> provides that it is not the holder of a secured claim.  Since Respondent is not the holder of a secured claim, it is the holder of an unsecured claim and may be modified in the Chapter 13 plan pursuant to 11 USC §1322(b)(2).  For all intents and purposes, such a treatment does not void the lien per se, but "treats the lien as void" so as to require reconveyance upon completion of the Chapter 13 plan.

## IV.

## CONCLUSION

Movant has properly brought forth this motion to value the personal residence and declare Respondent's lien void and declare Respondent's lien completely unsecured and subject to modification under 11 USC §1322(b)(2) and the Chapter 13 plan.

**WHEREFORE,** relief is respectfully prayed for as follows:

A.  Declaratory relief valuing the Residence at $621,000;

B.  Declaratory relief that the claim is not an "allowed secured claim;"

C.  Declaratory relief that any proof of claim timely filed by Respondent is limited to an unsecured general claim;

D.  Declaratory relief that the Deed of Trust is "treated as void" under 11 USC §1322(b)(2) so as to require reconveyance upon completion of the Chapter 13 plan; and

E.  Such further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: April 27, 2010                LEE, LAU & KO, ATTORNEYS AT LAW

By:  /s ecf Yoon-Mi Ko
    Yoon-Mi Ko
    Attorneys for Debtor Felix D. Gonzalez